IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 19-6276 |
| ) | |
| v. ) | |
| ) | |
| JAMES COSMANO, ) | |
| ING BANK FSB, now known as Capitol One, ) | |
| National Association, ) | |
| VILLAGE OF OAK PARK, ILLINOIS, and ) | |
| COOK COUNTY, ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

Plaintiff United States of America, pursuant to the provisions of 26 U.S.C. §§ 7402 and 7403, with the authorization of a delegate of the Secretary of the Treasury and at the direction of a delegate of the Acting Attorney General of the United States, brings this civil action to enforce federal tax liens against James Cosmano's interests in a certain parcel of real property. In support of this action, the United States alleges, as follows:

**Jurisdiction, Parties and Property**

1. Jurisdiction over this action is conferred upon this Court under 28 U.S.C. §§ 1331, 1340, and 1345, and 26 U.S.C. §§ 7402 and 7403.

2. Defendant James Cosmano resides in Cook County, Illinois, which is within the jurisdiction of this Court.

3. Defendant ING Bank, FSB, now known as Capitol One, National Association, is joined as a party because it has, or may claim, an interest in the property described below.

4. Defendant Village of Oak Park, Illinois, is joined as a party because it has, or may claim, an interest in the property described below.

5. Defendant Cook County, Illinois, is joined as a party because, as the local taxing authority, it may have a lien or claim an interest in the property described below and to place it on notice of this Court's jurisdiction over the property such that any local tax liens that have priority over federal tax liens under 26 U.S.C. § 6323(b)(6) will be satisfied in a judicial sale under this Court's authority but that the property may not be sold under other procedures during the pendency of this action.

6. The real property upon which the United States seeks to enforce its tax liens is located at 450 E. Waterside Drive, Apartment 1301, Chicago, Illinois 60601 (the "Property"), and is legally described, as follows:

> Parcel 1:
>
> Unit 1301 and Parking Space P-353, together with the exclusive right to use storage space S-152, a limited common element in Chandler Condominiums as delineated and defined on a survey of the following described real estate:
>
> Lot 7, except the east 16.85 feet thereof (as measured perpendicularly to the east line of said lot 7), in Lakeshore East subdivision, being a subdivision of part of the lands lying east of and adjoining Fort Dearborn addition to Chicago, said addition being the in the southwest fractional quarter of Section 10, Township 39 North, Rage 14 east of the Third Principal Meridian, according to the plat of said Lakeshore East subdivision recorded March 4, 2003 as document 0030301045, in Cook County, Illinois; which survey is attached as Exhibit "A" to the Declaration of Condominium recorded as Document No. 0719315075 together with its undivided percentage interest in the common elements.
>
> Parcel 2:
>
> Non-Exclusive Easements appurtenant to and for the benefit of Parcel 1, including easements for access to improvements being constructed over temporary construction easement areas, for pedestrian and vehicular ingress and egress on, over, through and across the streets, and to utilize the utilities and utility easements, all as more particularly defined, described, and created by Declaration Of Covenants, Conditions, Restrictions and Easements for Lakeshore East made by and between Lakeshore East LLC,

> Lakeshore East Parcel P LLC, and ASN Lakeshore East LLC dated as of June 26, 2002 and recorded July 2, 2002 as document 0020732020, as amended by First Amendment to Declaration Of Covenants, Conditions, Restrictions and Easements for Lakeshore East executed by Lakeshore East LLC dated as of March 3, 2003 and recorded March 7, 2003 as document number 0030322531 and as further amended by Second Amendment To Declaration Of Covenants, Conditions, Restrictions And Easements for Lakeshore East LLC executed by Lakeshore East LLC dated as of November 18, 2004 and recorded November 19, 2004 as document number 0501919099 and Third Amendment To Declaration Of Covenants, Conditions, Restrictions And Easements for Lakeshore East executed by Lakeshore East LLC, dated February 24, 2005 and recorded February 25, 2005 as document number 0505632009 and Fourth Amendment To Declaration Of Covenants, Conditions, Restrictions and Easements for Lakeshore East executed by Lakeshore East LLC dated February 24, 2005 and recorded February 25, 2005 as document number 0505632012 and last amended by the Fifth Amendment to Declaration of Covenants, Conditions, Restrictions and Easements for Lakeshore East executed by Lakeshore East LLC dated as of October 27, 2006 and recorded November 9, 2006 as document 0631333004 and subsequently re-recorded on February 9, 2007 as document 0704044062.
>
> Parcel 3:
>
> Non-exclusive easements appurtenant to and for the benefit of Parcel 1 as created by the Declaration of Easements, Reservations, Covenants and Restrictions recorded July 12, 2007 as document number 0719315076 for support, common walls, ceilings and floors, equipment and utilities, ingress and egress, maintenance and encroachments, over the land described therein.

Meaning to describe the property conveyed to James Cosmano by Warranty Deed of Chandler LLC, dated October 30, 2007, and recorded with the Cook County Recorder of Deeds as Doc. # 0730931095, on November 5, 2007.

**Count to Enforce Federal Tax Liens Against the Property**

7. On January 12, 2018, in *United States v. James Cosmano.*, Case No. 1:17-cv-05721 (N.D. Ill.), the Court entered judgment in favor of the United States and against James

3

Cosmano for unpaid income taxes for tax years 2007-2010 in the amount of $6,051,979.50, plus interest and statutory additions from and after January 9, 2018.

8. Because James Cosmano neglected, refused, or failed to pay the liabilities that were the subject of the judgment referenced in Paragraph 7, above, after notice and demand, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments of such liabilities and attached to the Property.

9. The judgment referenced in Paragraph 7, above, remains unpaid. Specifically, James Cosmano remains liable to the United States in the amount of $6,584,315.66 as of September 5, 2019. Interest continues to accrue on the judgment.

10. On February 9, 2015, the Internal Revenue Service ("IRS") filed a Notice of Federal Tax Lien in the name of James Cosmano for tax years 2007-2010, with the Cook County Recorder of Deeds, in accordance with 26 U.S.C. § 6323(f). The Notice of Federal Tax Lien was recorded as Doc# 1504001075.

18. Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce its federal tax liens upon James Cosmano's interests in the Property; to have the entire Property sold at a judicial sale free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Property; second, to Cook County, Illinois, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the United States to pay the liabilities described above, except to the extent that the Court determines that another party has a superior right, title, or interest.

WHEREFORE, the plaintiff United States of America requests the following relief:

A. A determination that the United States has valid and subsisting federal tax liens under 26 U.S.C. §§ 6321 and 6322 securing the liabilities for the tax years that were the subject matter of the judgment in *United States v. James Cosmano.*, Case No. 1:17-cv-05721 (N.D. Ill.), in favor of the United States on the Property;

B. An order enforcing the federal tax liens securing the liabilities described above pursuant to 26 U.S.C. § 7403 against the Property by ordering the sale of the entire Property in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, or interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of the sale, including any expenses incurred to secure and maintain the Property; second, to the defendant Cook County, Illinois, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the plaintiff United States to pay the liabilities that were the subject of the judgment in *United States v. James Cosmano.*, Case No. 1:17-cv-05721 (N.D. Ill.), except to the extent that the Court determines that another party has a superior claim, lien, or interest; and,

C. The United States of America shall recover its costs, and be awarded such other and further relief as the Court determines is just and proper.

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

*/s/ James M. Strandjord*
JAMES M. STRANDJORD
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-616-3345 (v)/202-514-5238 (f)
James.M.Strandjord@usdoj.gov